[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Frank Riccio, Defense Counsel, for Petitioner.
Robert Lacobelle, Assistant State's Atty. for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of one count of felony murder in violation of General Statutes 53a-54c and one count of carrying a pistol without a permit in violation of General Statutes 29-35 and 29-37 (b). A sentence of forty-five years was imposed on the first count and a sentence of five years was imposed on the second count. The sentences were to be consecutive for a total sentence of fifty years. The sentence imposed was to be consecutive to a sentence petitioner was then serving.
The facts underlying petitioner's conviction indicated that he was armed with a 9mm pistol and participated in the robbery of a black male. In the course of the robbery, the black male was shot, resulting in his death.
At the hearing before the division, petitioner's attorney argued that the severity of the sentence was due to an unfortunate outburst by petitioner just before sentence was imposed. The attorney argued that the outburst by petitioner so affected the judge that he imposed a sentence which was much longer than warranted. It was argued by the attorney that under the circumstances, a sentence in the mid-range would be more appropriate. He suggested that a sentence of thirty-five years concurrent with a previous sentence would be fair.
Petitioner, speaking on his own behalf, admitted that he "outbursted" at the time of sentencing and felt that the sentence imposed was more related to the fact that he swore at the judge than the crimes for which he had been convicted. He apologized for his conduct at the sentencing.
Petitioner's attorney also raised a question as to the actual sentence imposed. The transcript indicates that a sentence of forty-five years was imposed and then the judge corrected it to a total of fifty years.
The state's attorney argued that the sentence was fair. He argued that a longer sentence would have been appropriate, and CT Page 7065 at the time of sentencing he argued for a longer sentence. He claimed that petitioner had shown no remorse for his criminal activity and was a danger to society.
The sentencing judge found that the crime was senseless and without provocation. The judge had an opportunity to observe petitioner throughout the trial and at the time of sentencing. The disruptive conduct in which petitioner engaged throughout the trial led the judge to conclude that petitioner was "quick to anger, quick to violence and quick to provocation." The judge stressed the need to protect society from petitioner and to deter others from similar crimes. The judge also considered petitioner's age and the possibility of rehabilitation.
The sentence imposed was well under the maximum and less than the state requested. Petitioner is a young man but in a short time has acquired a serious criminal record with convictions for a number of assaultive crimes. The reasons advanced by the sentencing judge are logical and express proper concern for the protection of society.
Considering all the factors involved, it cannot be found that the sentence imposed was disproportionate or unfair in light of the nature of the offense, the character of the offender and the protection of the public interest.
The claim that the sentence imposed was forty-five years rather than fifty years is beyond the scope of this review.
Sentence affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J., and Norko, J., participated in this decision.